UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEWART A. RIDING,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | No. CV-10-0220-CI<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 13, 19.) Attorney Rebecca Coufal represents Stewart Riding (Plaintiff); Special Assistant United States Attorney Richard Morris represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 3.) After reviewing the administrative record, the governing statutes and regulations, briefs and exhibits filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff filed for Social Security disability insurance benefits (Social Security disability benefits) on August 5, 1998, alleging an onset date of January 20, 1996. (Tr. 16.) He was awarded Social Security disability benefits on November 17, 2004. The Social Security Administration (SSA) determined his DIB award was reduced because he received public disability benefits under the

Civil Service Retirement System earned while he was working as a federal civil servant. (Tr. 25-31.) Plaintiff requested reconsideration of the disability benefit offset, and on December 24, 2006, the SSA affirmed the offset determination and calculations. (Tr. 37-41.) Plaintiff requested a hearing before an administrative law judge, which was held on August 21, 2007, before ALJ John Crickman. Plaintiff, who was represented by counsel, testified. (Tr. 59-117.) On November 5, 2007, ALJ Crickman affirmed the administrative agency's determination, finding the public disability benefit offset was calculated correctly. (Tr. 16-18.) The Appeals Council denied review and this appeal followed pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

Plaintiff was 57 at the time of the hearing. (Tr. 69.) He testified he had served in the United States Army from 1969 to 1972, after which he worked as a civil service military technician with the Utah National Guard (Army). As a civil service employee, Plaintiff earned retirement coverage under the federal Civil Service Retirement System (CSRS). Plaintiff testified the civil service position required him to be a member of the Utah National Guard. (Tr. 73.) Plaintiff earned social security retirement coverage when performing his National Guard duties (active and reserve) under the Act. Plaintiff was sent for active duty during Desert Storm, at which time he was injured. In 1996, he left his civil service job and resigned from the National Guard due to disability. He was awarded VA disability benefits (not in dispute here), and a CSRS disability pension. His initial CSRS payment was $1,264.00 per

month and, as of December 2008, was $1,802.00. (Tr. 57.) Plaintiff's Social Security disability benefits monthly benefit beginning in August 1997 was $290.70. (Tr. 56.) The SSA determined that under section 224(a) of the Act, Plaintiff's CSRS disability benefit completely offset the $290.70 Social Security disability benefits benefit, and Plaintiff was entitled only to the annual cost of living increases applied to his benefit of $290.70. (Tr. 37-41.) Plaintiff disputes the agency's calculation of the Social Security disability benefits reduction.

### ADMINISTRATIVE DECISION

ALJ Crickman found Plaintiff was disabled as of January 20, 2006, and entitled to monthly Social Security disability benefits of $290.70, based on his earnings subject to Social Security taxes ("covered wages"). (Tr. 17.) He found Plaintiff was entitled to federal public disability benefits beginning in 1996 through the Federal CSRS, based on his earnings as a civil service employee, which were not subject to Social Security taxes ("uncovered wages"), with monthly payments starting at $1,264.00 and increasing annually. *Id*. In his summary of the SSA's calculation of benefits, the ALJ found Plaintiff's CSRS benefit of $1264.00 exceeded $883.00, which is 80% of Plaintiff's average current earnings (ACE), as defined by the Act. Therefore, his Social Security disability benefits were offset completely by his CSRS benefit, and he was entitled only to cost of living increases.[1] (Tr. 18.) The ALJ concluded the

---

[1] Certain protected increases in social security benefits, including cost of living increases, are not offset by public

agency's disability benefit calculations on reconsideration are correct.[2] (*Id.*)

### STANDARD OF REVIEW

The court's review of the SSA's determination is narrow. 42 U.S.C. § 405(g). Where there is a dispute over the proper interpretation of an agency regulation, if the Commissioner's interpretation is reasonable, it is entitled to deference by the reviewing court. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). Even where a provision of the Social Security Act is ambiguous, the court accords deference to the Social Security

---

disability benefits. Social Security Act § 224; 42 U.S.C. § 424a; (Tr. 39.)

[2] Although the ALJ references the Windfall Elimination Provision (WEP) in Finding 4 of his decision (Tr. 18), he properly cited and analyzed the issues under Social Security Act § 224(a), 42 U.S.C. § 424a, and 20 C.F.R. § 404.408. The Windfall Elimination Provision, 42 U.S.C. § 415, modifies the standard formula for initial calculation of social security primary insurance amounts when a person has earned covered and noncovered earnings during his career. *Das v. Department of Health and Human Servs.*, 17 F.3d 1250, 1252 (9th Cir. 1994). Social Security public disability benefit offset provisions are applied to disability benefits earned during covered and noncovered employment. Although Plaintiff states the goal of WEP in general terms, he presents no legal argument that applies WEP to the facts before the court.

Administrations's reasonable interpretation of the provision. *Das,* 17 F.3d at 1254. If there is substantial evidence to support the administrative findings, and the decision is free of legal error, the Commissioner's findings are conclusive. *See Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred in affirming the offset calculation. (ECF No. 14.) Specifically, he argues his earnings from his civil service employment should have been included in the calculation of the his "average current earnings" (ACE), used to determine whether an offset of Social Security disability benefits is required. He requests a recalculation by this court. (*Id*. at 9-10.)

**DISCUSSION**

Under the Act, an individual eligible for Social Security disability insurance benefits concurrent with periodic public disability benefits may be subject to a reduction in Social Security disability benefits.[3] 20 C.F.R. § 404.408(a)(2)(I). As found by the ALJ, "An individual's Social Security Disability benefits will be reduced so that the total of Social Security disability benefits plus his monthly public disability benefits do not exceed the higher of all Social Security benefits on his record before the offset, or 80% of his average monthly earnings." (Tr. 16.) Here, the record

---

[3] Statutory exceptions to the reduction are not at issue in this case. *See* 20 C.F.R. § 404.408(b).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

shows that the SSA determined Plaintiff's monthly public disability benefit of $1,298 in 1997 (CSRS disability benefit) exceeded the total Social Security benefits payable ($290) and 80 percent of his "average current earnings" ($833); therefore his Social Security disability benefit was completely offset. (Tr. 39.)

A person's "average current earnings" (ACE) are calculated in three different ways. 42 U.S.C. § 424a(a); 20 C.F.R. § 404.408(c)(3). In this case, Plaintiff's ACE was calculated as 1/12th of the total of his wages for the calendar year in which he had the highest wages and income during "the period consisting of the calendar year in which he became disabled and the five years preceding that year." 20 C.F.R. § 404.408(c)(3)(i)(C); (Tr 39). The record shows Plaintiff's highest covered wages and income earned in the relevant period was $12,504.78, in 1991. (Tr. 19.) One twelfth of this wage, or Plaintiff's ACE under 20 C.F.R. § 404.408(c)(3)(i)(C), is $1,042.00. Eighty percent of Plaintiff's ACE is $833.60. (*Id.*) Therefore, the SSA's calculation on reconsideration is correct.

Although Plaintiff does not dispute the application of the 1/12th rule to calculate his ACE, he appears to argue the calculation should have included non-covered wages earned while a civil service employee, *i.e.*, wages that were not subject to the Social Security tax. (ECF No. 14 at 8-9.) Plaintiff's argument is unpersuasive.

An examination of the laws and regulations governing Title II social security benefits shows that "wages" are defined as "remuneration paid to you as an employee for employment <u>unless</u>

<u>specifically excluded</u>.  Wages are counted in determining your entitlement to . . . disability insurance benefits." 20 C.F.R. § 404.1041(a).  (Emphasis added.)  Wages for employment with the federal government are not considered remuneration for purposes of Social Security, unless they were received on or after the election of coverage under the Federal Employees' Retirement System (FERS) Act of 1986.  20 C.F.R. § 404.1018(a).  Plaintiff neither alleges that he elected coverage under FERS at anytime, nor does he claim that his CSRS wages were subject to Social Security taxes. Plaintiff offers no legal authority for his contention that wages not subject to Social Security taxes are used to calculate Social Security disability benefits.

The Commissioner's interpretation of the applicable statutes and regulations is reasonable and supported by substantial evidence. The record includes sufficient documentation to support the factual basis for the ALJ's analysis.  Plaintiff's public disability benefits received under the CSRS exceed 80% of his ACE; or $883.00; therefore his Social Security disability benefits award is completely offset. The ALJ's determination that the agency's calculation of Plaintiff's ACE is correct is affirmed. Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **DENIED.**

2.   Defendant's Motion for Summary Judgment **(ECF No. 19)** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  The file

shall be closed and judgment entered for Defendant.

DATED August 19, 2011.

```
            S/ CYNTHIA IMBROGNO
        UNITED STATES MAGISTRATE JUDGE
```

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8